UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21226-HOEVELER/TURNOFF

LUIS CABRERA, et al.,

    Plaintiff,

v.

THE GOODYEAR TIRE &
RUBBER COMPANY,

    Defendant.

## ORDER DENYING SANCTIONS

BEFORE the Court is Goodyear's motion for sanctions and attorney's fees under Rule 11 of the Federal Rules of Civil Procedure [ECF No. 14]. The plaintiffs responded January 12, 2011, and Goodyear did not reply. For the reasons that follow, the motion is denied.

I.

The plaintiffs are Cuban-Americans who worked for Goodyear as engineers, mechanics, and/or salesman from about 2006 to 2008 (their tenures differ). They allege that their work supervisors, Jorge Flores and Luis Galeano, verbally harassed and treated them unfavorably because of they were Cuban, using derogatory slurs such as: "Cubans are lazy"; "stupid Cuban"; "Why don't you go back to Cuba?" One of the plaintiffs, Luis Cabrera, is also black and asserts that he was paid a lower salary than lighter skinned employees. Finally, two of the plaintiffs complained to Goodyear management about their harassment, and Goodyear allegedly retaliated by reducing their hours, demoting them to worse job

positions, and ultimately firing them. The plaintiffs each assert claims of racial and/or national origin discrimination and workplace retaliation, under both Title VII and § 760 of the Florida Civil Rights Act. They seek money damages, an injunction, and attorney's fees.

## II.

Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (citing Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)). "[T]he selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987) (en banc). If warranted for effective deterrence, an appropriate sanction may include "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses" incurred as a result of the Rule 11 violation. Fed. R. Civ. P. 11(c)(2). The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Donaldson, 819 F.2d at 1556 (internal quotation marks and citation omitted).

III.

In moving for sanctions, Goodyear submits that the plaintiffs' factual claims about harassment are patently false and frivolous. In support of this position, Goodyear provided affidavits by Flores and Galeano, in which they generally deny discriminating against the plaintiffs. In particular, Mr. Flores states that he routinely hired Cubans and "never harbored any race/national origin animus against Cubans." Further, he states that the plaintiffs were fired for lawful reasons; specifically: (1) Mr. Pardon was fired for violating Goodyear's policy on damaging customers' cars while parking them in the mechanic's service bays; (2) Mr. Carbrera was fired for insubordination, for refusing to stand on the sidewalk with an advertisement placard during part of his shift; and (3) Mr. Milo wasn't fired at all, but voluntarily resigned (albeit in the context of a salary dispute). Mr. Galeano makes similar exculpatory statements concerning the fourth plaintiff, Mr. Girard--who, incidentally, was Mr. Galeano's former roommate, in addition to being his subordinate at Goodyear. Both Flores and Galeano also submit that it was actually the plaintiffs who instigated the verbal jousting, calling the supervisors (who are of Honduran and Nicaraguan heritage) "arrow throwers," and constantly making fun of Mr. Flores for being "fat." Goodyear served these affidavits, along with a copy of its Rule 11 motion, upon the plaintiffs and waited twenty-one days before filing the Rule 11 motion with the Court, as required by Rule 11(c)(2).

The plaintiffs responded by submitting the plaintiffs' answers to the defendant's interrogatory requests, in which the plaintiffs basically elaborate on the factual allegations included in the complaint about the racial slurs, misconduct, and hostile environment at Goodyear. The written statements made by the plaintiffs in response to discovery requests tend to support their pleadings, and the Court cannot conclude that this lawsuit is frivolous. Although the affidavits by Mr. Flores and Mr. Galeano are probative evidence against the plaintiffs' claims, the parties' conflicting accounts of what happened simply demonstrate that there are fact disputes that, if resolved in favor of the plaintiffs, may allow them to prevail. In any event, the defendants have not met their relatively high burden of showing the lawsuit is so baseless in law or fact to justify Rule 11 sanctions. Accordingly, it is hereby

**ORDERED AND ADJUDGED:** Goodyear's motion for sanctions and attorney's fees is denied.[1]

**DONE AND ORDERED** in Miami, Florida, February 8, 2011.

*/s/ William M. Hoeveler*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' cross-motion to recover attorney's fees spent drafting a response to the Rule 11 motion is also denied.